DILLON, Judge.
Matthew Russell Lanham ("Defendant"), a registered sex offender, appeals his conviction for failing to report his change of address to the Union County Sheriff's Office ("the Sheriff's Office") in violation of N.C. Gen. Stat. § 14-208.11(a)(2), and of knowingly residing within 1,000 feet of a school in violation of N.C. Gen. Stat. § 14-208.16(a). We find no error.
I. Background
As a result of his March 2003 conviction for taking indecent liberties with a child, Defendant was subject to the requirements of the North Carolina Sex Offender and Public Protection and Registration Program ("the Program"). See N.C. Gen. Stat. §§ 14-208.6(4) -(5), 14-208.7 (2015). Two of the requirements of the Program were that Defendant notify his local county sheriff's office of any change of address and that Defendant not knowingly reside within 1,000 feet of a school.
In August 2011, Defendant submitted a change of address notice to the Sheriff's Office reporting his new address as 2613-C Lancelot Drive, Apt. C. in Monroe. Sometime in 2012, however, Defendant moved into a residence at 401 Griffith Road in Monroe without notifying the Sheriff's Office. This Griffith Road address is within 1,000 feet of a school. Defendant never reported to the Sheriff's Office that he resided on Griffith Road. Indeed, in February 2013, Defendant reported his address to the Sheriff's Office as 2614-C Lancelot Drive, Apt. C.
On 27 April 2013, Deputy Corey Williams with the Sheriff's Office went to 401 Griffith Road at Sergeant Green's behest "[t]o find out if [Defendant] was still complying with his sex offender registration." Deputy Williams saw Defendant's pickup truck in "the driveway behind the residence." He also spoke with Defendant's girlfriend, Ms. Guffey, who requested Defendant join them on the front porch. After obtaining Ms. Guffey's consent to search the residence, Deputy Williams entered the bedroom and saw an open travel bag containing Defendant's clothing.
The State presented evidence establishing that Defendant had moved to Griffith Road. For instance, Officer Shawn Taylor with the Stallings Police Department testified that in April 2013 during a traffic stop, Defendant stated that he resided at 401 Griffith Road, though his driver's license listed another address.
Defendant's "neighbor" testified that he observed Defendant living at 401 Griffith Road with "a couple of kids and either his wife or girlfriend" from December 2012 until May 2013. This neighbor saw Defendant come and go from the residence "everyday" during this period and saw his pickup truck parked in the driveway.
In addition, the owner of the house at 401 Griffith Road testified that she leased the house to "[Ms.] Guffey and her children, and [Defendant]" from 1 May 2012 through 30 April 2013. Defendant was present when Ms. Guffey signed the lease on 28 April 2012. Although Defendant did not sign the lease, Defendant "stated to [the owner] that he would be living there." Based on this representation, the owner changed the number of occupants authorized in the lease from four to five to account for Defendant. The owner saw Defendant at the house several times while she was there collecting rent.
Lastly, Karina Clark, a social worker for the Union County Department of Social Services, performed a child protective services investigation with regard to Ms. Guffey's children in 2013. As part of the investigation, Ms. Clark notified Ms. Guffey that she was required "to meet with everyone that lives in the home." On 22 March 2013, Ms. Guffey and Defendant attended the meeting at Ms. Clark's office and signed a safety assessment. Defendant told Ms. Clark that he watched Ms. Guffey's children while she was at work. Ms. Clark made an unannounced home visit to the residence on 2 April 2013 and found Defendant alone with the children.
The State also produced evidence establishing that Walter Bickett Education Center is located on property within sixty feet of 401 Griffith Road. In 2013, the Center contained "a cosmetology school that housed probably ninety kids" of high school age; eight preschool classes of eighteen students each; and a facility for three- and four-year-olds with disabilities.
Defendant submitted evidence tending to show that he never resided on Griffith Road, but only visited his girlfriend there.
A jury convicted Defendant of both failing to report his change of address and residing within 1,000 feet of a school. Defendant appeals.
II. Standard of Review
Where a criminal defendant fails to lodge a timely objection, we review for plain error. See State v. Lawrence , 365 N.C. 506, 516, 723 S.E.2d 326, 333 (2012). However:
For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.
Id. at 518, 723 S.E.2d at 334 (alteration in original) (citations omitted) (internal quotation marks omitted).
III. Analysis
On appeal, Defendant contends that the trial court committed plain error by: (1) admitting certain testimony from Officer Taylor; and (2) permitting the prosecution to present to the jury an un-redacted copy of the judgment entered upon his 2003 conviction for taking indecent liberties with a child. We address each argument in turn.
A. No Plain Error in Admitting Portions of Taylor Testimony
Officer Taylor testified as follows. In April 2013, he stopped Defendant's vehicle. During the stop, Defendant stated that he resided at 401 Griffith Road, though his driver's license indicated a different address. Officer Taylor then spoke with Sergeant Green at the Sheriff's Office, who was in charge of the sexual offender registry. Officer Taylor testified that Sergeant Green directed him to arrest Defendant during the stop. However, after speaking with his supervisor with the Stallings police and a supervisor with the Sheriff's Office, Officer Taylor elected not to arrest Defendant during the stop.
Defendant objects to the portion of Officer Taylor's testimony concerning Sergeant Green's request to have Taylor arrest Defendant during the stop. Defendant acknowledges that he did not raise a timely objection to preserve this issue for appeal pursuant to N.C. R. App. P. 10(a)(1). Accordingly, Defendant requests that this Court review for plain error pursuant to N.C. R. App. P. 10(a)(4).
In the course of recounting his initial traffic stop of Defendant's vehicle on 13 April 2013, Officer Taylor specifically testified as follows:
Q And what did you tell Sergeant Green?
A I told him about the inconsistencies with the addresses that had been revealed, and at that point in time he instructed me to go ahead and arrest Mr. Lanham .
Q Okay. Is that what you did?
A No, sir.
Q Okay. And why not?
A After discussing with my supervisor at that time and the on duty Sheriff's Office supervisor, it was instructed to me to take everything that I had compiled and forward it to Sergeant Green for his investigation.
Q Okay. And is that what you did?
A Yes, sir.
(Emphasis added). Defendant now insists that Sergeant Green's instruction to arrest Defendant "tilted the scales against [Defendant]" in the eyes of the jury, which was apt to give more weight to Sergeant Green's opinion as a law enforcement officer. We are not persuaded.
To prevail on plain error review, Defendant must demonstrate not only that Officer Taylor's testimony was not admissible for any purpose, see State v. Garcia , 228 N.C. App. 89, 102, 743 S.E.2d 74, 82 (2013), but also that his testimony "had a probable impact on the jury's finding that the defendant was guilty." Lawrence , 365 N.C. at 518, 723 S.E.2d at 334 (internal quotation marks omitted)s. Assuming, arguendo , that Sergeant Green's instruction was not admissible to explain Officer Taylor's subsequent conduct with regard to his investigation, we hold that Defendant cannot show how relaying this instruction to the jury had a probable impact on the verdict.
In support of our determination, we first note that Officer Taylor immediately informed the jury that he disregarded Sergeant Green's instruction to arrest Defendant, because it was countermanded by both of their supervisors. Therefore, we are satisfied that any influence Sergeant Green's "opinion" may have had on the jury was alleviated by his supervisor's directive not to arrest officer, which ultimately prevailed. We further note that the State put on overwhelming evidence that Defendant was residing at 401 Griffith Road.
B. No Plain Error In Admitting Copy of Judgment
Defendant also contends that the trial court committed plain error by permitting the State to present to the jury an un-redacted copy of the 2003 judgment convicting him of taking indecent liberties with a child. The transcript reflects that this exhibit was not given directly to the jurors but was instead projected onto a screen in the courtroom. The transcript further establishes Defendant's failure to object to or to request a redaction when the document was published to the jury. See N.C. R. App. P. 10(a)(1), (4).
In asserting plain error, Defendant concedes the judgment was relevant to prove his status as a convicted sex offender subject to the registration requirements in N.C. Gen. Stat. § 14-208.7. However, he complains that the judgment also listed the conditions of probation imposed by the sentencing court, including the requirements that Defendant not possess stolen property, controlled substances, or pornography and that Defendant obtain a substance abuse assessment. Defendant suggests this extraneous information unfairly depicted him as "a thief, a drug user, an alcoholic, and a pornographer" to the jury.
We find no probability that the evidence cited by Defendant had any effect on the jury's verdict. See Lawrence , 365 N.C. at 518, 723 S.E.2d at 334. While we agree that the conditions of Defendant's probation in 2003 had no probative value with regard to his current charges, we further find no indication that the conditions were noticed or considered by the jury. In questioning the authenticating witness, the prosecutor elicited testimony regarding the following information on the judgment: the Defendant's name, race, sex, and date of birth; Defendant's counsel; the name, statutory source, and classification of the convicted offense; the date the offense was committed; the presiding judge; and the date of conviction. After projecting the judgment onto the screen for the jury, the prosecutor asked the witness to point out where each piece of this information appeared. The prosecutor did not mention the conditions of Defendant's probation or refer to the portion of the judgment where they were listed. Based on our review of the transcript and record, we conclude Defendant has failed to establish plain error.
IV. Conclusion
As the trial court did not commit plain error by admitting (1) portions of Officer Taylor's testimony concerning a request to arrest Defendant and (2) an un-redacted copy of Defendant's indecent liberties conviction, we find that there was no error in the judgment.
NO ERROR.
Report per Rule 30(e).
Chief Judge McGEE and Judge CALABRIA concur.